UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **TONY SERBINSKI,**<br><br>        PLAINTIFF,<br><br>and<br><br>**UPPER PENINSULA HEALTH PLAN, LLC,**<br><br>        INVOLUNTARY PLAINTIFF,<br><br>v<br><br>**INJURED PATIENTS AND FAMILIES COMPENSATION FUND, FROEDTERT MEMORIAL LUTHERAN HOSPITAL, INC., THE MEDICAL COLLEGE OF WISCONSIN, INC., AND JOEL H. BLUMIN, M.D.,**<br><br>        DEFENDANTS. | File No:<br><br>Hon. |

**Complaint and Jury Demand**

Comes now the plaintiff, Tony Serbinski, through his attorneys, Petrucelli & Waara, P.C., and for his complaint, states:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Tony Serbinski is a citizen of Michigan and lives at 1973 Iron Lake Road, Iron River, Michigan 49935.

2. Involuntary Plaintiff Upper Peninsula Health Plan, LLC, is incorporated under Michigan law with its main office at 853 West Washington Street, Marquette, Michigan 49855. It provided health coverage payments for Tony Serbinski and is, therefore, a proper party to this action under §803.03 of the Wisconsin Statutes.

3. The Injured Patients and Families Compensation Fund is a risk sharing pool established under Wis. Stat 655.27(5). Its principal place of business is at 125 South Webster Street, Madison, Wisconsin 53702.

4. Froedtert Memorial Lutheran Hospital, Inc., The Medical College of Wisconsin, Inc., and Joel H. Blumin, M.D., were health care providers permanently practicing or operating in Wisconsin, all within the meaning of and under Chapter 655 of the Wisconsin Statutes. The Injured Patients and Families Compensation Fund provides occurrence coverage for health care providers permanently practicing or operating in Wisconsin under Chapter 655, Wisconsin Statutes, and for employees of health care providers, and thus the Injured Patients and Families Compensation Fund is directly liable to the plaintiff for his damages as alleged below and is a proper party to this action.

5. Froedtert Memorial Lutheran Hospital, Inc., is a Wisconsin corporation whose registered agent is Amy Marquardt, its principal place of business is 9200 West Wisconsin Avenue, Milwaukee, Wisconsin 53226, and it provides hospital facilities, services and care to patients.

6. The Medical College of Wisconsin, Inc., is a non-stock Wisconsin corporation, with its principal place of business at 8701 Watertown Plank Road, Milwaukee, Wisconsin. It is licensed to provide health care services in Wisconsin. Its registered agent is John T. Newsome, Esq., 8701 Watertown Plank Road, Milwaukee, Wisconsin 53226.

7. Defendant Joel H. Blumin, M.D., is a citizen of Wisconsin and lives at 3481 North Summit Avenue, Milwaukee, Wisconsin 53211. He is a physician licensed to practice medicine in Wisconsin with his business

address at the Otolaryngology and Communications Sciences - Froedtert 9200 West Wisconsin Avenue Milwaukee, Wisconsin 53226.

8. The incident causing this action occurred on or after 3 June 2016 in Milwaukee County, Wisconsin.

9. Jurisdiction of this court is proper under 28 § USC 1332 because of the diversity of the citizenship of the parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000).

10. The acts causing Tony Serbinski's claims occurred in Milwaukee Country, Wisconsin, within the Eastern District of Wisconsin, and the venue is therefore proper in this District under 28 U.S.C § 1391(b).

## General Allegations

11. At all material times, Tony Serbinski was a patient of Froedtert Memorial Lutheran Hospital, Inc., The Medical College of Wisconsin, Inc., and Dr. Blumin.

12. In May 2016, Ray Cameron, M.D., referred Tony Serbinski to Dr. Blumin for treatment of a laryngeal lesion.

13. Dr. Blumin is a board-certified otolaryngologist/head and neck surgeon with a clinical emphasis in treating patients with voice and throat problems.

14. Dr. Blumin is and was an Associate Professor in the Department of Otolaryngology and Communication Sciences at the Medical College of Wisconsin.

15. On 4 May 2016, Dr. Blumin saw and examined Tony Serbinski at the Otolaryngology and Communication Sciences Clinic operated by The Medical College of Wisconsin, Inc., and Froedtert Memorial Lutheran Hospital, Inc.

16. Dr. Blumin diagnosed a verrucous lesion in Tony Serbinski's anterior larynx and recommended surgical removal with a laser.

17. On 2 June 2016 at Froedtert Memorial Lutheran Hospital, Inc.'s Center for Advanced Care, Tony Serbinski underwent a "microsuspension direct operative KTP laser assisted laryngoscopy with biopsy and ablation of anterior commissure lesion" performed by Br. Blumin.

18. Dr. Blumin released Tony Serbinski from the hospital on 2 June 2016.

19. During the procedure, Dr. Blumin removed tissue and sent it to Froedtert Memorial Lutheran Hospital, Inc.'s pathology department.

20. On 3 June 2016, Bryan Hunt, M.D., issued a written report of his pathological findings of the tissue Dr. Blumin removed from Tony Serbinski's larynx.

21. Dr. Hunt's diagnosis of the tissue removed from Tony Serbinski's larynx was "invasive squamous cell carcinoma, keratinizing type."

22. At 7:30 p.m. on 3 June 2016, Dr. Blumin received and reviewed Dr. Hunt's diagnosis of the biopsy of Tony Serbinski's larynx.

23. Dr. Blumin never notified Tony Serbinski the diagnosis of the tissue removed from his larynx was "invasive squamous cell carcinoma, keratinizing type."

24. Dr. Blumin never notified Tony Serbinski's referring physician or his primary care doctor the diagnosis of the biopsy of their patient's larynx was "invasive squamous cell carcinoma, keratinizing type."

25. Neither The Medical College of Wisconsin, Inc., nor Froedtert Memorial Lutheran Hospital, Inc., notified Tony Serbinski the

diagnosis of the biopsy of his larynx was "invasive squamous cell carcinoma, keratinizing type."

26. Neither The Medical College of Wisconsin, Inc., nor Froedtert Memorial Lutheran Hospital, Inc., notified Tony Serbinski's referring physician or his primary care doctor the diagnosis of the biopsy from their patient's larynx was "invasive squamous cell carcinoma, keratinizing type."

27. Never told the diagnosis of the biopsy of his larynx was "invasive squamous cell carcinoma, keratinizing type," Tony Serbinski did not know he had laryngeal cancer.

28. In June 2016, Tony Serbinski suffered from early-stage laryngeal cancer.

29. In late 2018, Tony Serbinski noticed a lump on the right side of his neck.

30. In late January 2019, Tony Serbinski's primary care doctor referred him to see Marquette County, Michigan otolaryngologist David J. Heichel, M.D., for the lump on the right side of his neck.

31. Dr. Heichel saw Tony Serbinski on 8 February 2019 for the lump on the right side of his neck.

32. Dr. Heichel performed a fine needle aspiration on Tony Serbinski's lump located on the right side of his neck.

33. The cytological diagnosis of the fine needle aspiration favored a malignancy.

34. Given the cytological diagnosis, Dr. Heichel referred Tony Serbinski for treatment at the University of Michigan Medical Center.

35. University of Michigan Medical Center physicians began treating Tony Serbinski in February 2019.

5

36. Doctors at the University of Michigan Medical Center obtained Dr. Hunt's pathological report of the biopsy Dr. Blumin performed on Tony Serbinski's larynx.

37. The first time Tony Serbinski learned of Dr. Hunt's cancer diagnosis of the biopsy done by Dr. Blumin came when the University of Michigan doctors shared the contents of Dr. Hunt's report with him.

38. On 1 March 2019 at the University of Michigan Medical Center, Tony Serbinski underwent a microdirect laryngoscopy with biopsy and a rigid esophagoscopy.

39. The biopsy of the lesion at the anterior commissure was positive for squamous cell carcinoma, and there was also erosion of the thyroid cartilage.

40. The University of Michigan doctors staged Tony Serbinski's laryngeal cancer as stage IV.

41. At the University of Michigan Medical Center, Tony Serbinski underwent extensive chemoradiation to treat his advanced laryngeal cancer.

42. Because of the delayed diagnosis of his laryngeal cancer, Tony Serbinski suffered:

    a. Advancement of his laryngeal cancer;

    b. Severe and permanent injuries, including, but not limited to, his head and neck, spread of the cancer cells requiring aggressive and extensive surgical and medical care, diminishing the quality of his life and depriving him of a normal life span;

c. Past and future physical pain and mental anguish, physical impairment, disfigurement, disability, humiliation, and embarrassment;

d. Past and future medical, surgical, pharmaceutical, therapy, and hospital expenses;

e. Past and future wage loss and impaired earning capacity.

## Count I
### (Negligence of Dr. Blumin)

43. Tony Serbinski repeats paragraphs 1 through 42 as if set forth herein.

44. Dr. Blumin owed a duty to Tony Serbinski imposed by the common law of Wisconsin and law of the State of Wisconsin to skillfully and prudently care, treat, advise, and observe him in such a manner as would a reasonably prudent physician confronted with the same or similar conditions and circumstances.

45. Dr. Blumin breached the duty owed to Tony Serbinski in one or more of these ways:

a. By failing to timely order a follow-up examination or evaluation of Tony Serbinski's head and neck condition after 3 June 2016;

b. By failing to timely and properly diagnose Tony Serbinski's cancer;

c. By failing to timely and adequately treat Tony Serbinski's laryngeal cancer;

d. By failing to inform Tony Serbinski regarding the true nature of the lesion removed from his body;

e. By failing to inform Tony Serbinski's referring and primary care physicians regarding the true nature of the lesion removed from his body;

f. By failing to timely consult with another specialist regarding Tony Serbinski's tissue sample taken on 21 June 2016;

g. By failing to timely refer Tony Serbinski to an oncologist/radiologist for treatment and management of the cancerous lesions in his body on 2 June 2016;

h. By failing to refer Tony Serbinski to a qualified physician specializing in the treatment of laryngeal cancer;

i. By failing to recognize and act upon the knowledge that a delay in diagnosis or an erroneous diagnosis could cause injury or even untimely death;

j. By failing to order the appropriate diagnostic tests required by the standard of care to monitor Tony Serbinski's health adequately;

k.  Failing to inform and instruct Tony Serbinski regarding necessary follow-up care and testing needed, because of the detection of the cancerous lesion;

l.  By failing to inform Tony Serbinski that he was at risk for the advancement of his cancer without treatment;

m.  Otherwise failing to use care and skill required of physicians when providing the postoperative care he did on or after 3 June 2016;

n.  Allowing the absence of notification policies and procedures governing clinic and hospital staff regarding notifying patients and their treating and referring physicians when pathological reports showed a cancer diagnosis;

o.  Failing to enforce notification policies and procedures in place governing clinic and hospital staff regarding notifying patients and their treating and referring physicians when pathological reports showed a diagnosis of cancer were followed;

p.  Failing to inform Tony Serbinski regarding available treatment and diagnostic options, the elements of risk associated therewith, the nature and possible consequences of the alternatives,

prospects for success, and prognosis if those options were not pursued.

q. Concealing the 3 June 2016 pathological report.

46. Dr. Blumin's conduct was a proximate cause of the occurrence and the damages sustained by Tony Serbinski.

WHEREFORE, Tony Serbinski seeks damages against defendants Joel H. Blumin, M.D., and the Injured Patients and Families Compensation Fund in whatever amount he is found to be entitled in excess of $75,000, plus interest, costs, and attorney fees.

## Count II
## (Negligence of The Medical College of Wisconsin, Inc.)

47. Tony Serbinski repeats paragraphs 1 through 46 as if set forth herein.

48. The Medical College of Wisconsin, Inc., through its agent and employees, owed a duty to Tony Serbinski imposed by the common law of Wisconsin and law of the State of Wisconsin to skillfully, to prudently and skillfully care, treat, advise, and observe him in such a manner as would a reasonably prudent medical clinic confronted with the same or similar conditions and circumstances.

49. The Medical College of Wisconsin, Inc., breached the duty owed to Tony Serbinski in one or more of these ways:

a. By failing to inform Tony Serbinski regarding the true nature of the lesion removed from his body;

b. By failing to inform Tony Serbinski's referring and primary care physicians

10

regarding the true nature of the lesion removed from his body;

c. By failing to recognize and act upon the knowledge that a delay in diagnosis or an erroneous diagnosis could cause injury or even untimely death;

d. Failing to have in place notification policies and procedures that mandated clinic staff to notify patients and their treating and referring physicians when pathological reports showed a cancer diagnosis;

e. Failing to enforce notification policies and procedures that mandated clinic staff to notify patients and their treating and referring physicians when pathological reports showed a cancer diagnosis;

f. Failing to follow notification policies and procedures that mandated clinic staff to notify patients and their treating and referring physicians when pathological reports showed a cancer diagnosis

g. Concealing the 3 June 2016 pathological report.

50. The Medical College of Wisconsin, Inc.'s conduct was a proximate cause of the occurrence and the damages sustained by Tony Serbinski.

WHEREFORE, Tony Serbinski seeks damages against defendants The Medical College of Wisconsin, Inc., and the Injured Patients and Families

Compensation Fund in whatever amount he is found to be entitled over $75,000, plus interest, costs, and attorney fees.

## Count III
## (Negligence of Froedtert Memorial Lutheran Hospital, Inc.)

51. Tony Serbinski repeats paragraphs 1 through 50 as if set forth herein.

52. Froedtert Memorial Lutheran Hospital, Inc., through its agent and employees, owed a duty to Tony Serbinski imposed by the common law of Wisconsin and law of the State of Wisconsin to skillfully and prudently care, treat, advise, and observe him in such a manner as would a reasonably prudent hospital confronted with the same or similar conditions and circumstances.

53. Froedtert Memorial Lutheran Hospital, Inc. breached the duty owed to Tony Serbinski in one or more of these ways:

   a. By failing to inform Tony Serbinski regarding the true nature of the lesion removed from his body;

   b. By failing to inform Tony Serbinski's referring and primary care physicians regarding the true nature of the lesion removed from his body;

   c. By failing to recognize and act upon the knowledge that a delay in diagnosis or an erroneous diagnosis could cause injury or even untimely death;

   d. Failing to have in place notification policies and procedures that mandated hospital and clinic staff to notify patients

12

and their treating and referring physicians when pathological reports showed a cancer diagnosis;

e. Failing to enforce notification policies and procedures that mandated hospital and clinic staff to notify patients and their treating and referring physicians when pathological reports showed a cancer diagnosis;

f. Failing to follow notification policies and procedures that mandated hospital and clinic staff to notify patients and their treating and referring physicians when pathological reports showed a cancer diagnosis

g. Concealing the 3 June 2016 pathological report.

54. Froedtert Memorial Lutheran Hospital, Inc.'s conduct was a proximate cause of the occurrence and the damages sustained by Tony Serbinski.

WHEREFORE, Tony Serbinski seeks damages against Froedtert Memorial Lutheran Hospital, Inc., and the Injured Patients and Families Compensation Fund in whatever amount he is found to be entitled over $75,000, plus interest, costs, and attorney fees.

Dated: May 28, 2019            **Petrucelli & Waara, P.C.**
                               Attorneys for Plaintiff


                               By:  s/Vincent R. Petrucelli
                                  Vincent R. Petrucelli
                                  328 W. Genesee St., P.O. Box AA
                                  Iron River, Michigan 49935
                                  Telephone: (906) 265-6173
                                  Email: vincent@truthfinders.com


### Jury Demand

The plaintiff demands trial by jury.

Dated: May 28, 2019            **Petrucelli & Waara, P.C.**
                               Attorneys for Plaintiff


                               By:  s/Vincent R. Petrucelli
                                  Vincent R. Petrucelli
                                  328 W. Genesee St., P.O. Box AA
                                  Iron River, Michigan 49935
                                  Telephone: (906) 265-6173
                                  Email: vincent@truthfinders.com